Williams, J.
—Presiding Justice Learned writing the opinion on the former appeal, stated the facts as to contributory negligence as follows: “Deceased was familiar with the locality, knew the train was late, was expecting its arrival, was driving south slowly, with a manageable team. There were six tracks running east and west, number six being nearest him. To the east of him, on number six, was a hay car; as he approached the tracks, because of this hay car and houses, he could not see east on track number two, from whence the train came; but when he was on track number six he could see east three hundred feet on track number two, and when he reached track number five he could see east two thousand feet. From the south rail of track number six to the south rail of track number two, where he was struck, was forty-three feet. The engineer had put on the automatic brakes when twelve hundred feet from deceased and had shut off steam at four hundred feet. The deceased saw the train, as his counsel admits, when he was on track number four and when it was distant six hundred feet. He hurried up his horses, nearly got across number two when the hind wheel of his wagon was struck and he was killed. The counsel says that the deceased’s reason for hurrying on was that he was at number four, in great danger of trains backing down from the east and west. We can find no evidence that any train was moving except the train that struck him. There is no evidence to show that if he had stopped after passing the hay car he would have been in any danger, or that his horses would have been frightened. The truth is he thought he could cross in front of the train, took the risk and was mistaken.”
Justice Tappan, in passing upon the motion for a non-suit on the last trial, said: “I have read the opinion of the general term in this case, and in my judgment there is not any substantial change of the facts from what appeared on the former trial. There is the potent fact that there was a long space that the man might have looked towards the east, and seen the cars approaching; that he could have done so; that he proceeded with the idea that he might get across the track, and taking the risk, he got. killed. I do not think the defendant is liable.”
We have examined the evidence given upon this second trial, and we see no reason to disagree with the trial judge,' as to the facts as they appeared upon this trial being sub *797 stantially the same as those stated by Justice Learned,_ in his opinion on the former appeal, upon which the decision of this court was then based. There was upon this trial some evidence as to a freight train passing at the time, but this train seems to have passed on east before the train came from the east which caused this accident, and could therefore have had nothing to do with the accident or with the question of deceased’s contributory negligence.
We think the disposition of this appeal now must be regarded as controlled by the decision of the case upon the former appeal, and we think the case, upon the facts stated by'Justice Learned in his opinion, was properly disposed of on such former appeal. The only recent decision by the court of appeals that • attracts our attention, and seems to require examination, is the Sherry Case, which is not cited by appellant’s counsel, but is referred to by counsel for respondent. The case was against this same defendant, and is reported in 104 N. Y., 652; 5 N. Y. State Rep., 574. In that case, the accident occurred in the day time, while the deceased was crossing six tracks on the defendant’s road. She was killed on track number one, which was the last track for her to cross, and it was claimed she saw or could have seen the train for some distance before it reached the point of the accident, and some feet before she stepped upon the track where she was killed. So far the two cases seem parallel; but in the Sherry Case the facts were very different from those appearing here. The deceased there was an old lady, unacquainted with railroads, except from passing over their tracks. It does not appear she had reason to expect a train; the tracks in approaching the crossing where she was killed were on a curve, so that it was difficult to tell on which track an approaching train was coming. The wind was blowing with the train and carried the smoke and steam along with the train, enveloping the engine more or less; there was the noise of machinery in the adjacent mills to drown the noise of the train: there 'was a quarrel or trouble between a man and woman just in front of deceased, across the track, to attract her attention. These facts, with the fact that when she seems first to have discovered the train, with the exercise of proper care, she was between the tracks and in a place of danger, were held sufficient to call for the submission to the jury of the question of contributory negligence. Such facts, or similar ones, are wanting in this case, and the distinction is, therefore, clear and well defined between the two cases. This case is covered and controlled, we think, by the Connelly Case, reported in 88 N. Y., 346.
The judgment should be affirmed, with costs.
Learned, P. J., and Landon, J., concur.